# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**CARL SIMS**                                          **CIVIL ACTION NO. 04-1359-P**

**VERSUS**                                              **JUDGE HICKS**

**WARDEN BURL CAIN**                          **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Carl Sims ("Petitioner), pursuant to 28 U.S.C. §2254.  The petition was received and filed in this Court on June 28, 2004.  Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.  He challenges his state court conviction and sentence.  Petitioner names Warden Burl Cain as respondent.

On September 25, 1998, Petitioner was convicted of one count of first degree murder in Louisiana's Second Judicial District Court, Parish of Claiborne.  On November 3, 1998, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

---

[1] This decision is not intended for commercial print or electronic publication.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to convict him of first degree murder, (2) the identification testimony should not have been admitted at trial, (3) the indictment should have been quashed, (4) his sentence is excessive, (5) the indictment failed to allege the essential elements of the crime, (6) the grand jury foreman was selected in a racially discriminatory manner, (7) La. C.Cr.P. art 413(B) is unconstitutional, (8) he received ineffective assistance of counsel, and (9) he was denied a copy of his trial proceedings.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[2]:

1.      the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

---

[2]The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

2.      the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.      the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.      the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).  In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on September 25, 1998 and sentenced on November 3, 1998.  The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on October 27, 1999.  State v. Sims, 32,461 (La. App. 2 Cir. 10/27/99), 745 So.2d 151.  The Supreme Court of Louisiana denied writs of review on May 12, 2000.  State v. Sims, 1999-3384 (La. 5/12/00), 762 So.2d 11.  In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction

and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after May 12, 2000 on August 10, 2000.

The federal petition currently before the Court was filed in this Court on June 28, 2004 and signed on June 18, 2004.  Since the federal clock began ticking on August 10, 2000, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before August 10, 2001.  This petition was not filed until June 2004 at the earliest, more than two years too late.

In addition, the post-conviction proceedings initiated by Petitioner in April 2002 do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  Review of these proceedings continued until the Supreme Court of Louisiana denied relief on December 12, 2003.  State ex rel. Sims v. State, 2002-3187 (La. 12/12/03), 924 So.2d 157.  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.  Petitioner did not file the application for post-conviction relief until April 2002, after the limitation period had already expired in August 2001.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 21st day

of February 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE